

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-2004

# USA v. Sierra

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2127

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Sierra" (2004). *2004 Decisions.* Paper 317.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/317

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 03-2127

———————

UNITED STATES OF AMERICA

v.

JOSE MANUEL SIERRA
a/k/a Macho

Jose Manuel Sierra,
                                    Appellant

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 00-cr-00626-1)
District Judge: Honorable Ronald L. Buckwalter

———————

Submitted Under Third Circuit LAR 34.1(a)
September 17, 2004

Before: ALITO, AMBRO and FISHER, Circuit Judges

(Filed : September 30, 2004)

———————

OPINION

———————

AMBRO, Circuit Judge

    Jose Manuel Sierra pled guilty to various drug crimes as well as identification

fraud. Though Sierra timely appealed, his appellate counsel has filed an *Anders* brief stating that no nonfrivolous issues exist for appeal and moved to withdraw as Sierra's counsel. We dismiss the appeal and grant counsel's motion.

## Factual and Procedural History

On October 4, 2000, a grand jury in the Eastern District of Pennsylvania returned an indictment of Sierra, charging him with conspiracy to distribute cocaine, heroin, and cocaine base in violation of 21 U.S.C. § 846; distribution of cocaine, heroin, and cocaine base in violation of 21 U.S.C. § 841(a)(1); conspiracy to commit an offense against the United States in violation of 18 U.S.C. § 371; and identification document fraud in violation of 18 U.S.C. § 1028.

The charges were based primarily on distributions to confidential informants of cocaine, heroin, and cocaine base by Sierra and his co-defendant, Norma Sierra. The distributions occurred between February and July 2000, and most occurred in a restaurant operated by the Sierras in Allentown, Pennsylvania. During the same period, the Sierras sold false United States identification documents to one confidential informant.

On May 6, 2002, Sierra pled guilty on all counts. Prior to accepting Sierra's guilty plea, the District Court conducted an extensive colloquy and ensured that Sierra understood the consequences of the plea agreement. Sierra stated that he understood that the charges carried mandatory sentences and that the mandatory minimum sentence would be ten years imprisonment. The District Court found that the guilty plea was made freely

and rested on a factual basis. Sierra was sentenced to a total term of imprisonment of 120 months, the mandatory minimum sentence required by statute.

## Discussion

An appointed attorney who "finds [a] case to be wholly frivolous, after a conscientious examination of" the case, should so advise the Court of Appeals and request permission to withdraw as counsel. *Anders v. California*, 386 U.S. 738, 744 (1967). Third Circuit Local Appellate Rule 109.2(a) provides that "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967)." In reviewing an *Anders* motion, we must consider both "(1) whether counsel adequately fulfilled [Rule 109.2(a)'s] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

Thus we inquire first whether counsel satisfied his duties under Rule 109.2(a) by thoroughly examining the record in search of appealable issues and explaining why any potential issues are frivolous. *Id*. Counsel's brief in this case is thorough and searching. Because Sierra has not indicated what issues he intends to appeal, counsel has independently inquired into potential avenues for challenging the entry of a guilty plea.

Entry of a guilty plea constitutes a waiver of most claims for appellate relief. Yet counsel directs our attention to three potentially applicable exceptions: (1) the District

Court lacked jurisdiction to accept Sierra's plea; (2) his plea was invalid in light of the relevant constitutional and statutory standards; and (3) the sentence imposed by the District Court was illegal. *United States v. Broce*, 488 U.S. 563 (1989). After careful examination of each issue, counsel concludes that no non-frivolous issues exist.

We agree. The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231, which confers on the district courts original, exclusive jurisdiction "of all offenses against the laws of the United States." The Court was careful to ensure that Sierra's waiver of his constitutional rights was knowing and voluntary. He engaged Sierra in a lengthy colloquy. He asked Sierra on multiple occasions whether he understood the implications of his plea, and he repeated his instructions whenever Sierra showed the hint of confusion. Counsel also notes that Sierra has not moved to withdraw his plea. Finally, the District Court imposed the statutory minimum sentence of 120 months. There were no mitigating circumstances that would have permitted a downward departure.

Because counsel has submitted an adequate *Anders* brief, "we confine our scrutiny to those portions of the record identified by [the *Anders* brief] . . . [and] those issues raised in Appellant's *pro se* brief." *Youla*, 241 F.3d at 301. Sierra received a copy of counsel's brief and was afforded an opportunity to respond. He has not, however, done so.

We conclude, upon "a full examination of all the proceedings," *Anders*, 386 U.S. at 744, "that the attorney has provided the client with a diligent and thorough search of

4

the record for any arguable claim." *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442 (1988). We agree with counsel that the appeal is wholly frivolous, and we therefore affirm the judgment on the merits and grant counsel's motion to withdraw.